

U.S. Department of Justice

FILED
IN CLERK'S OFFICE

2004 OCT -7  P 1:04

U.S. DISTRICT COURT
DISTRICT OF MASS.

*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*United States Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts 02210*

October 7, 2004

James H. Burbeau
Oteri, Weinberg & Lawson
20 Park Plaza, Suite 905
Boston, MA 02116

    Re: <u>United States v. Emanuel Lee</u>
        Criminal No. 04-10219-JLT

Dear Mr. Burbeau:

    Pursuant to Rule 116.1 of the Local Rules of the United States District Court for the District of Massachusetts, the government hereby provides you with the following automatic discovery in the above-referenced case:

A. <u>Rule 16 Materials</u>

1. <u>Statements of Defendant under Rule 16(a)(1)(A)</u>

    a. <u>Written Statements</u>

    I am not aware of any relevant written statements of the defendant Emanuel Lee (hereinafter referred to as "the defendant") in the possession, custody, or control of the government.

    b. <u>Recorded Statements</u>

    There are no relevant recorded statements in the possession, custody, or control of the government.

    c. <u>Oral Statements to then Known Government Agents</u>

    The defendant spoke to law enforcement agents both before and after his arrest. After he signed a waiver of his Miranda rights, the defendant gave an explanation claiming, among other things, that he innocently purchased the bag that contained the

cocaine. The statements are included in the reports of Special Agent Eric LaForte (12 pages), and the Statement of Rights form also attached. Customs reports also contain reference to the defendant's statements(19 pages) attached. Additional information concerning these statements can also be found in the complaint affidavit previously provided.

2. <u>Defendant's Prior Record under Rule 16(a)(1)(B)</u>

I understand that you received a copy of the defendant's prior criminal record from Pretrial Services. Please contact me if you need a duplicate copy.

3. <u>Documents and Tangible Objects under Rule 16(a)(1)(C)</u>

All books, papers, documents and tangible items that are within the possession, custody, and control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this matter, or were obtained from or belong to the defendant may be examined by contacting the undersigned Assistant United States Attorney and making an appointment to view the same at a mutually convenient time.
I am also enclosing a copy of the records concerning the trip, and identifying information obtained during the investigation, Bates stamped #s 16-24.

4. <u>Reports of Examinations and Tests under Rule 16(a)(1)(D)</u>

A copy of the DEA-7 regarding the drugs recovered from the defendant at the time of his arrest will be forwarded upon receipt.

Should we be unable to reach a stipulation as to the results of the examination of the drugs seized in this case, the government plans to offer expert testimony concerning the results of the laboratory analysis of the drug exhibits.

B. <u>Search Materials under Local Rule 116.1(C)(1)(b)</u>

No search warrants were conducted in this case. An x-ray of the defendant's bag was taken at the airport. Any items seized from the defendant at the time of his arrest may be examined by appointment in accordance with paragraph 3, above and a copy of any agency reports describing any inventory search are referenced in paragraph 1(c) above. Attached are photocopies of the x-rays and evidence seized, Bates stamped # 1-15.

The government is not in possession of reports related to the seizures of evidence in this case that it anticipates offering in its case-in-chief beyond those items otherwise described in this letter.

C. <u>Electronic Surveillance under Local Rule 116.1(C)(1)(c)</u>

No oral, wire or electronic communications of your client were intercepted by the government in connection with this case pursuant to 18 U.S.C. §§ 2510-2518.

D. <u>Consensual Interceptions under Local Rule 116.1(C)(1)(d)</u>

No consensual interceptions were made in this case.

E. <u>Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)</u>



F. <u>Identifications under Local Rule 116.1(C)(1)(f)</u>

I have no information indicating that the defendant was the subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo-spread or other display of an image of the defendant.

G. <u>Exculpatory Evidence under Local Rule 116.2</u>

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

1. The government is aware of no evidence that would tend directly to negate the defendants' guilt concerning any count in the Indictment, other than the information contained in the attached Grand Jury minutes dated July 22, 2004 in which Thomas J. Coffey and Lorenzo Banks, Jr. testified. Specifically, Lorenzo Banks, Jr.'s efforts to minimize the defendant's involvement in the importation on the cocaine.

2. The government is aware of no information that would cast doubt on the admissibility of evidence that the government anticipates offering as part of its case-in-chief and that could be subject to a motion to suppress or exclude.

3. No promises, rewards, or inducements have been given to any witness whom the government anticipates calling as part of its case-in-chief.

4. The government is unaware that any of its named case-in-chief-witnesses has any criminal record or criminal cases pending.

5. No named percipient witness failed to make a positive identification with respect to the crimes described in the indictment.

H. Other Matters

The government recognizes that its duty of disclosure and discovery as set forth in Local Rule 116 and Rule 16 of the Federal Rules of Criminal Procedure is a continuing one. In addition, please consider this letter to be a request for reciprocal discovery pursuant to Local Rule 116.1(D) and Fed. R. Crim. P. 16(b). I request that you provide a written response to my request for reciprocal discovery within 10 days of receipt of this letter.

If you have any questions about any of this information or wish to discuss this case with me, please call me at (617) 748-3215.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Glenn A. MacKinlay
GLENN A. MACKINLAY
Assistant U.S. Attorney

Enclosures
cc: Lisa Roland, Courtroom Clerk to
    U.S. Magistrate Judge Charles B. Swartwood
    (information regarding coconspirators redacted)

4