UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA         )
                                 )
     v.                          )    Crim. No. 04-10219-JLT
                                 )
EMANUEL LEE                      )

**MOTION TO SUPPRESS**
**(Memorandum Incorporated)**

Now Comes defendant manuel Lee, who respectfully files this motion to suppress evidence seized during a nonroutine border search and statements subsequently made by the defendant during an interrogation pursuant to the Fourth  Amendment to the United States Constitution and <u>Wong Sun v. United States</u>, 371 U.S. 471 (1964). Defendant also seeks discovery related to the canine search that alerted to the presence of cocaine in Mr. Lee's suitcase. In support, defendant states the following:

1.  Mr. Lee has standing to object to the search and seizure of his suit case at Logan Airport as he had an expectation of privacy and possessory interest in the bag and its contents.  See Affidavit of Mr. Lee attached as Exhibit A.

2.  The border stop of Mr. Lee on June 27, 2004 was illegal and in violation of the defendant's Fourth Amendment rights for the following reasons:

A.  While the stop of Mr. Lee by U.S. Customs was routine, the actual search was invasive and, therefore, a nonroutine border search. See U.S. Custom's Report attached as Exhibit B.  See <u>United States v. Okafor</u>, 285 F.3d 842 (9th Cir. 2002) and <u>United States v. Molina-Tarazon</u>, 279 F.3d 709, 717 (9th

Cir. 2002).

    B.   When U.S. Custom's detained Mr. Lee, they observed that the bottom lining of his suit case appeared to be extra thick.  They sliced open the lining and discovered a quantity of cocaine hidden therein.  Exhibit B.  The cutting of and destructive handling this bag converted a routine border stop into a nonroutine border search.  United States v. Okafor, 285 F.3d at 846 (damaging incision and probe into a suitcase may require reasonable suspicion)

    C.   As a result, U.S. Custom's must have had reasonable suspicion to believe that Mr. Lee's bag contained evidence of a crime before engaging in such an invasive and destructive search. Id; but see  United States v. Flores-Montano, __ U.S. __, 124 S.Ct. 1582 (2004)(while disassembling of gas tanks is a routine border search, the Court took no position on what level of suspicion is needed for nonroutine searches)

    D.   Given the knowledge of law enforcement at that time of the stop, U.S. Custom's lacked reasonable suspicion[1] to conduct an invasive and damaging probe (i.e., incision) into Mr. Lee's bag.  See United States v. Okafor, 285 F.3d at 846.

    E.   The fact that Custom's had x-rayed the bag does not

---

[1]The "reasonableness" of the warrantless stop and search is viewed from "the perspective of the police officers" involved. United States v. Lai, 944 F.2d 1434, 1442 (9th Cir. 1991).  The government has the burden of proving that their actions comported with Fourth Amendment requirements. United States v. Tarazon, 989 F.2d 1045, 1049 (9th Cir.), cert. Denied, 114 S.Ct. 155 (1993)

change the conclusion that the government lacked reasonable suspicion to conduct a nonroutine search of Mr. Lee's bag, since there is no evidence that the x-ray revealed the presence of an object in the lining. See Exhibit B also.  In any event, defendant submits that the x-ray was done involuntarily, constituted a nonroutine search by itself and, therefore, was a violation of defendant's Fourth Amendment right to be free of unreasonable searches.  See United States v. Flores-Montano, supra (Supreme Court takes no position on whether an involuntary x-ray requires reasonable suspicion)

     F.  The allegation by the government that a canine alerted to the presence of narcotics is also not enough given that the reliability and training of this canine has not yet been disclosed. See Exhibit B.  Defendant submits that this Court must conduct an evidentiary hearing to determine the weight to give to this canine before drawing any conclusions about the constitutionality of this search.

    3.  Assuming that the search was unconstitutional, defendant submits that this Court should suppress the statement that he gave to law enforcement after they found the cocaine in his bag. See Exhibit B.  This statement is tainted by the illegal search and must be suppressed pursuant to Wong Sun v. United States, 371 U.S. 471 (1964)

**CONCLUSION**

Wherefore, defendant moves this Court for an evidentiary

hearing and to grant his motion to suppress on the foregoing

grounds.   Defendant also moves this Court to order the government

to disclose the following discovery relating to the canine who

alerted to Mr. Lee's bag: (1) documents evidencing training and

certification for the canine and the handler; and (2) documents

indicating history of false alerts.

                          Submitted By
                          Emmanuel Lee's Attorney



                          /S/JAMES BUDREAU
                          James Budreau, Bar# 559931
                          20 Park Plaza Suite 905
                          Boston, MA 02116
                          (617)227-3700




                        AFFIDAVIT OF EMANUEL LEE

      I, Emanuel Lee, state that the following is true to the best of my knowledge:

      1.  I am the defendant in Emmanuel Lee in United States v. Lee, Crim. No. 04-10219-
JLT (DCMA).

      2.  I was stopped by U.S. Customs at Logan Airport on June 27, 2004 as I returned from a
trip to Jamaica.    A U.S. Custom's agent took my bag and searched its.  He then, without my
permission x-rayed the bag and then, out of my sight, conducted a canine search and dismantled
or cut open the bag (which I later learned).  At some later point I was interrogated by an agent
about my trip and the contents of my bag.

      3.  I had a possessory and ownership interest in this bag when it was seized from me by
U.S. Customs.  Consequently, I had an expectation of privacy when they x-rayed, conducted a

canine alert and later dismantled and/or cut the bag open.

Signed under pains and penalties of perjury,


   /S/ Emanuel Lee     
EMANUEL LEE