**AFFIDAVIT OF INSPECTOR JAMES BAILEY**

RECEIVED
Clerk's Office
USDC, Mass.
Date 2/9/05
By M.P.
Deputy Clerk

I, James Bailey, being sworn, depose and state as follows:

1. I am a CBP Supervisor with the United States Customs and Border Protection ("Customs"). I have been employed with Customs for approximately seven-and-one-half (7 1/2) years. During that time, I have been involved in thousands of primary and secondary inspections of persons and things entering the United States and have been involved in the seizure of hundreds of items containing drugs or other forms of contraband that individual travelers were attempting to smuggle into this country.

2. Since 2001, I have been assigned to Logan International Airport. As a CBP Supervisor at Logan, I am responsible for supervising other Customs officers performing inspections of travelers entering the United States.

3. I am submitting this affidavit to describe my involvement in the seizure of cocaine from Emanual Lee on June 27, 2004. I was one of the inspectors who conducted that inspection and was personally involved in the discovery of cocaine found hidden in a false bottom of Mr. Lee's suitcase.

4. On June 27, 2004, at approximately 8:15 p.m., Emanual Lee arrived at Logan International Airport on USAIR Flight 222. This flight originated from Montego Bay, Jamaica. Based on my

experience and training, I know that Jamaica is a source country for drugs being smuggled into the United States.

5. After Lee's arrival at Logan, he was selected for a routine secondary inspection. During the course of that inspection, I asked Lee about his travel and examined a black roller bag type suitcase that Lee acknowledged to be his.

6. Lee made a number of statements that were inconsistent with the information contained in his travel documents or were otherwise suspicious. For example, Lee claimed that he was traveling alone even though airline records established that he was traveling with Lorenzo Banks on the same reservation. Lee also claimed that he had gone to Jamaica three days earlier with a blue duffle bag but that, while in Jamaica, he had purchased the black roller suitcase for $15 because the blue duffle bag was too heavy to carry. He could not identify the person from whom he bought the suitcase while in Jamaica.

7. I also examined Lee's suitcase. Once the contents of the suitcase had been removed, I noticed an unusual thickness on the lining of the bottom of the bag and it appeared to be unusually heavy. This is an indication that the bag might contain a false bottom of the type used to smuggle drugs or other contraband.

8. Based on the unusual appearance of the bag, I put the bag on an x-ray machine which confirmed that there were

abnormalities in the bottom of the bag. The x-ray only took a few moments and did not damage the bag or its contents. Copies of the x-ray are attached as Exhibit 1.

9. After I noticed the abnormal thickness of the lining in the bottom of Lee's suitcase and confirmed via x-ray that the bottom of the suitcase contained some sort of foreign objects, I requested assistance from CBP K-9 Officer Szczawinski and her certified drug dog Rox. Rox inspected the area of the bag and sat down next to it. Officer Szczawinski advised me that this was a positive hit for Rox and indicated to her that Rox detected an odor of some controlled substance within the suitcase.

10. After Rox had alerted to Lee's suitcase, we then attempted to dismantle the false bottom of the bag to determine what the objects hidden inside it were. In order to do this we had to remove and disassemble an insert that had been placed in the bag to hide the false compartment. Although this did some damage to the insert and the inside lining of the suitcase, it was only to the extent necessary to expose the hidden compartment and did not affect the use of the bag as a suitcase. Inside the hidden compartment we found nine vacuum sealed packages of white powder that field tested positive for cocaine. Photos of

the insert after it was disassembled are attached as Exhibit 2.

Signed under the pains and penalties of perjury this 28th day of January, 2005.

                                          /s/ James B. Bailey
                                          JAMES BAILEY
                                          CBP Supervisor
                                          United States Customs and
                                          Border Protection

# EXHIBIT 1





# EXHIBIT 2

Case 1:04-cr-10219-JLT   Document 22   Filed 02/09/2005   Page 9 of 14









